LAW OFFICE OF JOHN W. MARTIN
John W. Martin (CA State Bar No. 113503)
Email: *john@johnwmartinlaw.com*
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, California 90266
Telephone No.: (310) 342-6800
Facsimile No.: (310) 377-8069

Attorney for Plaintiff
BP INDUSTRIES INCORPORATED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| BP INDUSTRIES INCORPORATED,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>MICHAELS STORES, INC. and UMBRA LTD,<br><br>　　Defendants. | Case No. 5:13-CV-02261<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff BP Industries Incorporated ("BP Industries"), for its Complaint for Patent Infringement against Defendants Michaels Stores, Inc. ("Michaels") and Umbra Ltd. ("Umbra") (collectively, "Defendants"), alleges as follows:

### PARTIES

1.　　Plaintiff BP Industries is a California corporation having its principal place of business at 5300 E. Concours Street, Ontario, California 91764.  BP

Industries is the assignee and owns all right, title, and interest to U.S. Patent Number 6,609,693, referred to below as the '693 Patent.

2.      On information and belief, Defendant Michaels is a Delaware corporation with its principal place of business at 8000 Bent Branch Drive, Irving, Texas 75063.  Michaels engages in the development, importation and distribution of specialty arts and crafts products.  It may be served with process by service on its registered agent for service, Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

3.      On information and belief, Defendant Umbra is a Canadian corporation with its principal place of business at 40 Emblem Court, Toronto, Ontario, Canada M1S 1B1.  Umbra engages in the design, manufacture and distribution of houseware products.  It may be served with process by service in accordance with the Hague Service Convention or other appropriate processes.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      On information and belief, Defendants are subject to personal jurisdiction in the Central District of California (the "District"), consistent with

the principles of due process and the California Lon g Arm Statute, because Defendants maintain offices and facilities in this District, offer their products for sale in this District, have transacted business in this District, have committed and/or induced acts of patent infringement in this District, and/or have placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO 6,609,693

8. BP Industries realleges and incorporates by reference the allegations set forth in paragraphs 1-7.

9. On August 26, 2003, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,609,693, entitled "HANGER COMBINATION FOR DISPLAYING MERCHANDISE." A true and correct copy of the '693 Patent is attached as Exhibit A. Since its issuance, the '693 Patent has been in full force and effect. BP Industries owns all right, title and interest to the '693 Patent, including the right to sue for past, present, and future infringements.

10. The Defendants, and each of them, have infringed and are continuing to infringe the '693 Patent by making, using, selling, or offering to sell within the United States, or importing into the United States, products or processes that are covered by at least claims 1 through 10, 12, 14 and 15 of the '693 Patent, including, for example, the retractable hanger combinations attached to picture frames and other merchandise produced, and distributed and sold by Defendants through their wholesale and retail channels.

11. Furthermore, the Defendants have induced infringement of the '693 Patent and/or committed acts of contributory infringement of the '693 Patent.

12. The Defendants' activities have been without express or implied license from BP Industries.

13. The Defendants will continue to infringe the '693 Patent unless enjoined by this Court. As a result of the Defendants' infringing conduct, BP Industries has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. BP Industries is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

14. As a result of the infringement of the '693 Patent, BP Industries has been damaged, and will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

## WILLFULL INFRINGEMENT

15. BP Industries realleges and incorporates by reference the allegations set forth in paragraphs 1-14.

16. The Defendants' past and continuing infringement of the '693 Patent has been deliberate and willful. Their conduct warrants an award of treble damages, pursuant to 35 U.S.C. § 284, and this is an exceptional case justifying an award of attorney fees to BP Industries, pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

17. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BP Industries respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, BP Industries prays for relief as follows:

A. For a judgment declaring that Defendants have infringed the '693 Patent.

B. For a judgment awarding BP Industries compensatory damages as a result of Defendants' infringement of the '693 Patent, together with interest and costs, and in no event less than a reasonable royalty;

C. For a judgment declaring that Defendants' infringement of the '693 Patent has been willful and deliberate;

D.  For a judgment awarding BP Industries treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the '693 Patents;

E.  For a judgment declaring that this case is exceptional and awarding BP Industries its expenses, costs, and attorneys fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

F.  For a grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement; and

G.  For such other and further relief as the Court deems just and proper.

DATED this 9th day of December, 2013.

                                          Respectfully submitted,
                                          LAW OFFICE OF JOHN W. MARTIN

                                          _____
                                          John W. Martin, CA SBN # 113503
                                          Attorney for Plaintiff
                                          BP Industries Incorporated